OPINION
On September 23, 1997, Diane Gaul born June 2, 1988 was found to be a neglected child. Mother of the child is appellant, Renee Gaul, and father of the child is John Gaul. Long term foster care was granted to appellee, the Stark County Department of Human Services. On October 27, 1998, appellee filed a motion for permanent custody. Said motion was later amended on November 2, 1998. A hearing was held on February 26, 1999. By judgment entry filed March 16, 1999, the trial court terminated the parental rights of appellant and Mr. Gaul and granted permanent custody of the child to appellee. The trial court also filed findings of fact and conclusions of law. Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I THE JUDGMENT OF THE TRIAL COURT THAT THE BEST INTERESTS OF THE MINOR CHILDREN WOULD BE SERVED BY THE GRANTING OF PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 I
Appellant claims the trial court erred in granting permanent custody to appellee. We disagree. A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Company v. Foley Construction Company (1978), 54 Ohio St.2d 279. An appellate court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v. Garson (1993), 66 Ohio St.3d 610. R.C. 2151.414(B) sets for the burden and the factors upon which a trial court can grant a motion for permanent custody: B) The court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 (1) The child is not abandoned or orphaned and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents; * * *
R.C. 2151.414(E) requires the presentation of clear and convincing evidence that one or more of the listed factors exist as to each parent before an award of permanent custody can be made. Some of those factors are as follows:
 (1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
 (2) Chronic mental illness, chronic emotional illness, mental retardation, physical disability, or chemical dependency of the parent that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year after the court holds the hearing pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code;
 (3) The parent committed any abuse as described in section 2151.031 of the Revised Code against the child, caused the child to suffer any neglect as described in section 2151.03 of the Revised Code, or allowed the child to suffer any neglect as described in section 2151.03 of the Revised Code between the date that the original complaint alleging abuse or neglect was filed and the date of the filing of the motion for permanent custody;
 (4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;
 (12) The parent is incarcerated at the time of the filing of the motion for permanent custody or the dispositional hearing of the child and will not be available to care for the child for at least eighteen months after the filing of the motion for permanent custody or the dispositional hearing.
(16) Any other factor the court considers relevant.
Appellant is currently incarcerated for fifteen years to life on a murder conviction. While appellant acknowledges her incarceration is a considerable factor, she argues permanent custody should not have been awarded to appellee because Mr. Gaul was available to take custody. The trial court based its decision on the facts that appellant and Mr. Gaul have failed to remedy the conditions causing appellee's intervention by failing to regularly support, visit, care and communicate with the child and provide an adequate home, and that reunification is not possible in the foreseeable future. See, Findings of Fact and Conclusions of Law filed March 16, 1999. We have reviewed the record and find the following facts substantiate the trial court's decision. As previously stated, appellant is incarcerated for fifteen years to life. T. at 56. Mr. Gaul resides in Florida with his parents in a two bedroom home. T. at 58-59. The last time either parent saw the child was in June of 1998 and neither parent has contacted her since then. T. at 59, 71, 102-103. In April of 1994, Mr. Gaul completed forty-seven of fifty-eight scheduled parenting classes through Goodwill in Ohio and received the lowest certificate. T. at 45-47. In June of 1998, Mr. Gaul attended classes again but was terminated for lack of attendance due to his move to Florida. T. at 47-48. Mr. Gaul's reasoning for moving to Florida was because "things weren't going real well with my life up here, I had recently dissolved my employment where I was employed for five years so I felt it was time to move on to someplace else and get a different start." T. at 59. Mr. Gaul moved to Florida knowing his child was in foster care in Ohio. Id. After moving to Florida, Mr. Gaul did not attend parenting classes until November of 1998 when he was notified of the motion for permanent custody. T. at 60. On January 5, 1999, Mr. Gaul sought counseling for depression. T. at 61. Dr. Gerald Bello, a psychologist who performed an evaluation on Mr. Gaul, opined Mr. Gaul demonstrated personality traits that made him unable to bond or tend to the needs of the child. T. at 11. Dr. Bello further opined Mr. Gaul lacked the ability to nurture the child. Id. Dr. Bello stated a few months in treatment would not correct Mr. Gaul's problems. T. at 14. Essentially, Mr. Gaul's personality would hinder him in stopping any neglect. T. at 32-33. The child has been in foster care for four years and has been diagnosed with ADD/ADHD. T. at 102. At ten and a half years old, the child is adoptable. Id. Based upon appellant's incarceration of fifteen years to life and Mr. Gaul's personality and indifference to the abandonment of his child when he left for Florida, we find the trial court did not err in granting permanent custody of the child to appellee. The sole assignment of error is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is hereby affirmed.
By Farmer, J. Gwin, P.J. and Reader, V.J. concur.